(July 24, 1961)

WILLIAM G. BUSHELL, as Trustee in Bankruptcy of BABYLON COUNTRY CLUB, INC., Appellant, v. SIRLIN PLUMBING CO. et al., Respondents.—

On July 13, 1959, defendant Sirlin filed a mechanic's lien against the bankrupt's real property. On July 16, 1959, Sirlin filed a *lis pendens* and complaint. On July 30, 1959, the bankrupt executed the said $50,000 second mortgage in favor of Marvin Traub, mortgagee. The mortgage contained the trust fund covenant provided for in subdivision 3 of section 13 of the Lien Law, and it was recorded on August 6, 1959. Other mechanics' liens were filed after July 16, 1959, some prior to the recording of said mortgage and some subsequent thereto. In the foreclosure action instituted by Sirlin, orders were entered allegedly pursuant to

section 62 of the Lien Law, directing that various lienors who filed their liens subsequent to the filing of Sirlin's *lis pendens* be made parties and amending the title accordingly. On November 12, 1959, a judgment was entered directing the sale of the property and the payment in full or pro rata to the named lienors. Traub, the second mortgagee, was not named as a party to that action and he made no application to intervene. On November 13, 1959, an involuntary petition in bankruptcy was filed against the bankrupt, the then owner of the property. Thereafter plaintiff was appointed the trustee in bankruptcy, and Traub assigned the said second mortgage to the trustee. A stipulation was made in the bankruptcy proceeding which permitted the sale of the property pursuant to the judgment of foreclosure and sale in the then pending Sirlin mechanic's lien foreclosure action, and which, in effect, created a $50,000 cash fund to await the outcome of the trustee's claim. In the first affirmative defense sought to be struck out from the answer of said nine defendants, it is alleged that the trustee is bound by all the proceedings taken in Sirlin's prior foreclosure action and by the judgment entered therein on November 12, 1959, to the same extent as if he (the trustee) had been a party to such prior action; and that in such prior action the rights of all the defendant lienors to the proceeds of the sale of the property were adjudicated by such judgment. In our opinion, in this action by the trustee the judgment in Sirlin's prior foreclosure action is not *res judicata* as to the priorities between the trustee's claim and the claims of the defendants who filed mechanics' liens after the trustee's second mortgage was recorded. In the second affirmative defense sought to be struck out from such answer, it is alleged that the second mortgage upon which the trustee is suing as the assignee of Marvin Traub, was not properly authorized or executed by the bankrupt corporation and that it is invalid as against the lienors who filed their mechanics' liens. In our opinion, the second defense is wholly conclusory in nature. No facts are alleged therein to justify the conclusion that the second mortgage was not properly authorized or executed by the mortgagor, the bankrupt corporation. We do not pass upon the present contentions of the parties as to whether creditors of a corporation may plead a defense that the mortgage was not executed with the consent of the stockholders as prescribed in section 16 of the Stock Corporation Law, because no facts are pleaded in such second defense showing that it is based on a violation of said statute. Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.